IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, : | |
|     Plaintiff, : | |
| : | |
| v. : | Civil Action No.   1:17-CV-31 |
| : | |
| ALLEGHENY COLLEGE, : | |
|     Defendant. : | JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

**I.   INTRODUCTION**

Plaintiff ("John Doe") in the above action seeks redress against Defendant, Allegheny College, ("Allegheny" or "College") following a flawed and gender-biased investigation, hearing and appeal that violated the College's own policies, procedures and guidelines after a female student ("Jane Doe") falsely accused John of rape.

John asserts that the false allegations involve what was highly intimate, consensual sexual relations between the two 18 year old college freshmen. On September 26, 2014, by her own admission, Jane returned to John's dorm room to sleep with him *after* the alleged rape had occurred. Jane also admits that she returned to John's dorm room to sleep with him the following night, too. Nearly three months later, after John had ignored Jane's numerous text messages and other efforts to speak with him, Jane saw John with another girl at a party on campus. Only then did Jane contact Allegheny's Title IX Coordinator on December 17, 2014 to report that she was "raped" months earlier. At about the same time, Jane Doe also told a friend that she was angry with John because "he refused to talk to her anymore, and now she didn't want him going to the same school as her so she was going to press charges and try to get him expelled from Allegheny."

John asserts that Allegheny conducted a flawed and gender-biased investigation and hearing at which Allegheny prohibited John from calling the witness in whom Jane had confided her true motive for making the false allegation. John also asserts also that Allegheny failed to even interview this witness. Such conduct by Allegheny violated its own policies, procedures and guidelines. John contends that Allegheny also violated its policies, procedures and guidelines when conducting the investigation and later convened a similarly gender-biased hearing, that resulted in John's expulsion, which is described in more detail in his complaint filed with this motion. When John appealed the decision, Allegheny's President ignored various violations of the College's own policies that govern the investigation and hearing process as well as still another witness and new and significant facts that were not available to John at the time of the hearing due to the unfair and unreasonable haste with which Allegheny rushed to expel John. The Complaint filed contemporaneously with this motion contains additional factual details surrounding the unlawful, gender-biased, patently unfair investigation, hearing and appeal.

In seeking permission to proceed under the pseudonym "John Doe," the Plaintiff also seeks the same privacy protection for his accuser, Jane Doe, given her youth and the highly intimate nature of sexual relations in which the two of them engaged.

## II.    ARGUMENT

Federal litigants are permitted to proceed under pseudonyms in appropriate circumstances. Doe v. Megless, 654 F.3d 404, 409-10 (3d. Cir. 2011). Further, courts have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interest. *See, e.g., Doe v. Provident Life & Accident Ins. Co.,* 176 F.R.D. 464, 467-468 (E.D. Pa. 1997); *approved by Doe v. Megless,* 654 F. 3d at 409-10 ("litigants may have a strong interest in

protecting their privacy"); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'")(citation omitted); *Doe v. Von Eschenbach*, No. 06-2131 (RMC), 2007 WL 1848013, at * 1-2 (D.D.C. June 27, 2007)(noting that the use of pseudonyms "has been permitted where the issues are matters of a sensitive and highly personal nature" and observing that the "presumption of openness" must be balanced with a plaintiff's privacy rights)(citation omitted).

In *Doe v. Megless*, *supra*, the United States Court of Appeals for the Third Circuit held that a plaintiff must "sufficiently allege[ ] that he or she has a reasonable fear of severe harm from litigating without a pseudonym," and endorsed a balancing test to determine whether a "plaintiff's interest and fear" outweigh the "public's strong interest in an open litigation process." *Id.* at 408-410 (citations omitted); *see, Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997).

The non-exhaustive list of factors that weigh in favor of granting a litigant permission to proceed under a pseudonym includes the following:

 (1) the extent to which the identity of the litigant has been kept confidential;

 (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;

 (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;

 (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;

> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and
>
> (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997)

> The factors that weigh against the use of a pseudonym are the following:
>
> (7) the universal level of public interest in access to the identities of litigants;
>
> (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities, beyond the public's interest which is normally obtained; and
>
> (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*

When balancing these factors in this case, it is clear that the highly intimate, private sexual relations between two 18 year old college freshmen create a privacy interest of a particularly sensitive nature. Further, this privacy interest, when coupled with John's reasonable fear of severe harm resulting from his identity being linked to false allegations of forcible rape, far outweigh the public's interest in full disclosure of the names of the two college freshmen who engaged in those intimate sexual relations. The list of factors set forth in *Provident Life & Accident Ins. Co.* and endorsed in *Megless* will be addressed in turn.

First, to date, John's identity has remained confidential. The same is true of Jane's identity and, for these reasons, a pseudonym is requested to protect both of them. John has not disclosed his involvement in this matter to those beyond his immediate family and the colleges and universities to which he has applied since expulsion. The only others who possess

information include select faculty members at Allegheny, witnesses interviewed during the course of the investigation, and lawyers hired to offer advice and counsel.

Further, Allegheny's own policies and procedures prohibited the public disclosure of John and Jane's identities during the investigation and hearing in this matter. It is believed that Allegheny has complied with its public reporting obligations while maintaining the confidentiality of John and Jane's identities. Likewise, it is believed that beyond limited disclosures provided to the colleges and universities to which John has applied in order to complete his undergraduate education, Allegheny has not disclosed John's identity in connection with this matter. *See generally,* 20 U.S.C. § 1232g ("FERPA") (protecting the privacy interest of student education records). Similar circumstances were present in *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997), where the plaintiff sued his insurance carrier for disability benefits when he became unable to perform the duties of his job due to psychiatric disorders. Plaintiff took steps to maintain anonymity and only disclosed the underlying facts of the matter to his immediate family, counsel and medical providers. *Id.* Accordingly, the Court allowed the plaintiff to proceed under a pseudonym. *Id.* at 470. Like the plaintiff in *Provident Life & Accident Ins. Co.,* John has disclosed the facts surrounding this matter only to his inner circle and the colleges and universities to which he has applied which require that he reveal and explain his expulsion. As such, this factor weighs in favor of permitting John to proceed under the pseudonym.

Second, John seeks to proceed using a pseudonym to minimize the undeniable social stigma attached to Allegheny's findings that he has committed sexual assault and sexual harassment. Such findings not only denote that John deviated from accepted social norms, but

also committed a violent criminal offense (despite no criminal charges being filed, much less any conviction for such an offense). Moreover, a finding for such heinous misconduct, if there was a criminal conviction, so violates social norms for acceptable behavior that such an offense requires the perpetrator to register as a sex offender for the duration of his lifetime[1]. If made known to the general public, this stigma will be thrust upon John and result in further harm and loss to his personal, academic, and professional reputation. *See, Doe v. Provident Life & Accident Ins. Co.,* 176 F.R.D. 464, 470 (E.D. Pa. 1997); *D.M. v. County of Berks,* 929 F. Supp. 2nd 390 (E.D. Pa. 2013). Further, if John is permitted to remain anonymous while seeking judicial relief, he also intends to use a pseudonym when referencing Jane in documents available to the public. *See,* Complaint filed in this case.

Third, there is substantial public interest in maintaining the confidentiality of John and Jane's identities. Courts have found public interest in protecting the identities of parties when the issues involved are matters of a private, highly sensitive nature. *See, Doe v. Evans,* 202 F.R.D. 173 (E.D. Pa. 2001); *D.M. v. County of Berks,* 929 F. Supp. 2d 390 (E.D. Pa. 2013); *Doe v. Hartford Life & Accident Ins Co.,* 237 F.R.D. 545, 550 (D.N.J. 2006); *Roe v. Borup,* 500 F. Supp. 127 (E.D. Wis. 1980).

John filed this action to redress the harms and losses that he sustained as a result of Allegheny's conduct. If John's only avenue of recourse would cause him to sustain further humiliation, tarnish his reputation, and make him the target of public denigration and social

---

[1] On December 20, 2011, Pennsylvania governor Tom Corbett signed into law senate bill 1183 pertaining to sex offender registration. This bill was driven by the Federal Sex Offender Registration and Notification Act (SORNA). The legislation deems "rape" to be a Tier III "sexually violent offense" which requires lifetime registration.

stigma due to Allegheny's findings, it could deter him from seeking redress for the injustice caused to him in this civil action. The chilling effect of compelling him to reveal his identity in a case of this nature may also extend beyond him and to other similarly situated individuals who seek remedies in our civil justice system to protect their rights and preserve their reputations. Accordingly, there is a significant and substantial public interest in support of permitting John to proceed under a pseudonym.

Fourth, John has no illegitimate or ulterior motive in seeking redress for Allegheny's conduct. He also intends to keep Jane's identity confidential, too.

Finally, the only factor which militates against allowing John to proceed under a pseudonym is the general public interest in access to the identities of litigants. However, this public interest is present in all civil actions and does not outweigh the factors in support of anonymity if they are found to "tip in favor of plaintiff's use of a pseudonym." *Doe v. Provident Life & Accident Ins. Co.,* 176 F.R.D. 464, 469 (E.D. Pa. 1997). Furthermore, any public interest in this case, particularly among members of other colleges and universities that struggle with the issues raised by John's Complaint, can be completely accommodated by a proceeding in which John's true name is never disclosed. In other words, any general public interest in this case is wholly unrelated to precisely what two 18 year old college freshmen had highly intimate, private, sexual relations; instead, any public interest is related only to whether Allegheny responded to the allegation in a fair, impartial, and gender-neutral fashion.

### III.   CONCLUSION

When weighing the applicable factors endorsed by *Doe v. Megless*, 654 F. 3d 404 (3d Cir. 2001) under a totality of the circumstances present in this case, such factors weigh in favor of permitting John to proceed under a pseudonym. These factors support protecting John's identity

(and Jane's identity as well) given the highly intimate, private, sexual relations between these two 18 year old college freshmen and the legitimate desire to avoid the harsh social stigmatization and severe reputational damage that would undoubtedly result from unnecessary public disclosure of their identities.  Further, granting the relief requested would also allow Jane's identity to remain anonymous.  For all of the foregoing reasons, John requests permission to proceed under a pseudonym and such relief should be granted.

Respectfully submitted,

Dated: February 3, 2017        By:/s/ Paul J. Susko
Paul J. Susko
PA Supreme Ct. ID No. 25995
502 Parade Street
Erie, PA 16507
(814) 455-7612
paul@ksslawfirm.com


/s/J. Timothy George
J.  Timothy George
PA Supreme Ct. ID No. 67107
2525 West 26th Street, Suite 200
Erie, PA  16506
(814) 833-7100
tim@purchasegeorge.com

Attorneys for Plaintiff, John Doe